RICHARD BLAISDELL, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29673.
Intermediate Court of Appeals of Hawaii.
December 29, 2009.
On the briefs:
Richard Blaisdell, Petitioner-Appellant pro se.
Brian R. Vincent, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, FOLEY and LEONARD, JJ.
Petitioner-Appellant Richard Blaisdell (Blaisdell) appeals the Findings of Fact, Conclusions of Law and Order (Order), filed in the Circuit Court of the First Circuit (Circuit Court)[1] on January 29, 2009, that denied his Petition for Post-Conviction Relief (Petition), pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure (HRPP).
On appeal, Blaisdell asserts the following points of error:
1. The court erred by dismissing his previous Rule 40 petitions without hearings because the petitions were frivolous and without a trace of support.
2. The court erred by filing S.P.P. 99-0005 as three separate Rule 40's and stated the petitioner waived his right to file for ineffective counsel, when he filed only 1 rule 40, check the numbers on the petitions where only one number, 99-0005 is stamped on all three, showing that only one rule 40 was filed.
3. The court erred by failing to recognize that petitioner was following district court judge Ezra's instructions as to how to exhaust his state remedies and proceed to federal jurisdiction.
4. On November 27, 2002, this court issued a memorandum opinion stating that petitioner had waived his claim of ineffective assistance of counsel for failing to file an application for certiorari from the summary disposition order of the ICA.
5. The court erred by ruling incorrectly on the previous rule 40 petition as ruled on or waived.
6. The court erred by stating that petitioner waived his right because he failed to mention "extended sentencing statute" in S.P.P. No's 99-0005; XX-X-XXXX; XX-X-XXXX; XX-X-XXXX.
7. Petitioner's speedy trial was a farce because he spent almost 4 years in Jail, (pre-trial), before he was convicted and the court erred by not granting more of his rule 48 motions when it should have.
8. The court erred by not looking into the accusation of prosecutorial misconduct alleged by the petitioner.
9. The court erred when it not only failed to expose the perjury of State Witness Loretta Kauo committing perjury, but also removed that fact from the court record.
10. Deputy Prosecutor, Thalia Murphy committed perjury by stating that she could not have been present at the police interviews, whispering desired answers, because she was having a baby in March of 1990.
11. The court erred by dismissing Blaisdell's petition for writ of habeas corpus in lieu of HRPP Rule 40. Habeas should have been treated as supplemental memorandum.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Blaisdell's points of error as follows:
Blaisdell previously filed three petitions for postconviction relief related to his convictions in Cr. Nos. 90-1541 and 92-2513. The denial of those petitions was affirmed by this court in No. 22758. Blaisdell subsequently filed another petition in S.P.P. XX-X-XXXX which was denied by the Circuit Court; this court affirmed the denial in consolidated appeal Nos. 23983 and 24098. More recently, Blaisdell filed yet another petition for post-conviction relief in S.P.P. XX-X-XXXX; this court again affirmed the denial of his petition in No. 29328.
In the appeal from this most-recent Petition, Blaisdell again asserts many of the same grounds for relief which were previously ruled upon and denied. Therefore, relief pursuant to HRPP Rule 40 is not available. HRPP Rule 40(a)(3).
With respect to any remaining points of error, Blaisdell is unable to demonstrate the existence of the extraordinary circumstances necessary to overcome his failure to raise the issues in his numerous previous petitions and appeals. Therefore, relief pursuant to HRPP Rule 40 is not available. HRPP Rule 40(a)(3).
For these reasons, the Circuit Court's January 29, 2009 Order is affirmed.
NOTES
[1] The Honorable Virginia Lea Crandall presided.